## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**KENNETH RAY PITTS**                                                                      **PLAINTIFF**
**ADC #085938**

**v.**                                    **Case No. 4:20-CV-00846-LPR**


**EDWARD O'DELL MOODY,** *et al*.                                                **DEFENDANTS**

## ORDER

Plaintiff Kenneth Ray Pitts, incarcerated at the Cummins Unit of the Arkansas Department of Corrections, filed a *pro se* Complaint on July 16, 2020 (Doc. 2), along with Motions to Proceed *In Forma Pauperis* ("IFP") (Docs. 1, 3), and a "Motion for an Acknowledge to the Court" (Doc. 4). For the reasons explained below, Mr. Pitts' Motions to Proceed IFP are DENIED based on his litigation history, and his "Motion for an Acknowledge to the Court" is DENIED and his Complaint is DISMISSED for failure to pay the filing fee.

Mr. Pitts sues his deceased oldest sister Beatrice E. Burns, his "baby sister" Pamela Rene Bonton, and Attorney Edward O'Dell Moody. (Doc. 2 at 1). Mr. Pitt's 89-page pleading begins with mention of numerous legal issues, from exhaustion of administrative remedies to failure to prosecute to matters dealing with amended pleadings. (*Id*. at 1-7). Attached to his Complaint is an additional complaint in which Mr. Pitts makes allegations regarding the death of Defendant Burns and the distribution of her estate; attached to the additional complaint is correspondence from Defendant Moody and from the Arkansas Supreme Court Office of Professional Conduct in connection with complaints Mr. Pitts made against Moody. (*Id*. at 11 – 42). Mr. Pitts' additional complaint is then followed by copies of documents Mr. Pitts filed in the Pulaski County Circuit Court regarding the probate of Ms. Burns' estate, and other related documents. (*Id*. at 43-88). In

short, it appears Mr. Pitts believes Ms. Burns' estate was wrongly disposed of, and he seeks to

hold his deceased sister, his younger sister, and Mr. Moody liable.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in*

*forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained

in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Prior to filing this lawsuit, Mr. Pitts filed at least three actions that were dismissed for failing to

state a claim upon which relief may be granted.  *See Pitts v. Moore, et al.,* 4:06-cv-01305-JLH

(E.D. Ark. Sept. 22, 2006) (order dismissing action for failure to state a claim); *Pitts v. Johnson,*

*et al.*, 5:99-cv-71-JMM (E.D. Ark. May 11, 1999) (order dismissing action for failure to state a

claim); *Pitts v. Brownlee, et al.,* 5:99-cv-178-HW (E.D. Ark. Sept. 7, 1999) (order dismissing

action for failure to state a claim).

A plaintiff may proceed *in forma pauperis* only if the plaintiff falls under the "imminent

danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers

should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of

serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that

the exception applies only if the prisoner is in imminent danger "at the time of filing" and that

"[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger this

exception").

For Mr. Pitts to be able to proceed in this case *in forma pauperis*, he must establish he was

in imminent danger of serious physical injury at the time he filed his Complaint.  *See Ashley*, 147

F.3d at 717.  Mr. Pitts cites to cases and references situations in which imminent danger has been

found.  (Doc. 2 at 8-9).  For example, he says there was imminent danger found when "officers allegedly beat and threatened inmates on 3 separate occasions."  (*Id*. at 8).  He also cites a case in which the plaintiff alleged he was in imminent danger because two scheduled tooth extractions had not taken place and the plaintiff was at risk of infection spreading in his mouth.  (*Id*. at 9) (*citing McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002)).  Other cases Mr. Pitts cites deal with failure to screen for contagious diseases, the treatment for HIV, treatment for Hepatitis C, and other failures to treat chronic illness.  (*Id*. at 9).   None of the cases or situations, however, deal with factual circumstances similar to those Mr. Pitts alleges in this case.  The Court does not read Mr. Pitts' allusion to prior cases and situations as an allegation that the facts in those cases are occurring here.  Nothing suggests they are.

The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  Mr. Pitts does not and cannot allege imminent danger related to his claims regarding the distribution of his late sister's estate (or any of the plethora of claims he vaguely and indirectly makes).  In short, Mr. Pitts' pleadings do not indicate imminent danger arising from any of the conduct of which he complains.  As such, the imminent danger exception does not apply.  *Ashley*, 147 F.3d at 717.  Therefore, this case will be dismissed due to Mr. Pitts' failure to pay the filing fee.  Mr. Pitts will have thirty (30) days to reopen this case by paying the $400 filing fee in full.  Mr. Pitts' "Motion for an Acknowledge to the Court" (Doc. 4) is denied.

It is therefore ORDERED that:

1. Mr. Pitts' Motions to Proceed *In Forma Pauperis* (Docs. 1, 3) are DENIED;

2. Mr. Pitts' Motion for an Acknowledge to the Court (Doc. 4) is DENIED;

3. Mr. Pitts' Complaint (Doc. 2) is DISMISSED without prejudice; and

4.      Mr. Pitts has thirty (30) days from the date of this order in which to reopen this case

by paying the $400 filing fee in full.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this

Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 12th day of August, 2020.


LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

4